IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CAMERON BELK, SR., MICHAEL M. ANDERSON, BRANDON THROWER, DAVID N. HATCHER, JOHN DUROST, JR., BENJAMIN INGRAM, LUCAS SCHMERBAUCH, CHANDLER E. SASO, and WALTER PAYTON, <br><br> Plaintiffs, <br><br> vs. <br><br> MAYOR of BELLEVILLE, ILLINOIS, POLICE CHIEF of BELLEVILLE, ILLINOIS, DETECTIVES of BELLEVILLE POLICE DEPARTMENT, MAYOR of MASCOUTAH, ILLINOIS, POLICE CHIEF of MASCOUTAH, ILLINOIS, PAROLE DEPARTMENT of BELLEVILLE, ILLINOIS, MAYOR of EAST ST. LOUIS, ILLINOIS, L. MARTIN, DETECTIVES of EAST ST. LOUIS, ILLINOIS, PAROLE OFFICER SUPERVISORS, EAST ST. LOUIS, ILLINOIS, PRISON REVIEW BOARD, RICHARD WATSON, CORRECTIONAL STAFF at ST. CLAIR COUNTY JAIL, STATE of ILLINOIS, DIRECTOR of ILLINOIS DEPARTMENT of CORRECTIONS, ILLINOIS SECRETARY OF STATE, ILLINOIS DEPARTMENT of CORRECTIONS CORRECTIONAL STAFF, and ST. CLAIR COUNTY STATES ATTORNEY, <br><br> Defendants. | Case No. 21-cv-1253-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This Complaint was filed by a number of individuals who, at the time, were all pre-trial detainees at the St. Clair County Jail. The Complaint was brought for deprivations of their constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint (Doc. 1), Plaintiffs

allege that as Registered Sex Offenders ("RSO's") they were subjected to unconstitutional surveillance without warrants and a policy of harassment aimed at disrupting their liberty (Doc. 1, p. 1). They also allege that they are subjected to unconstitutional laws and local ordinances. Defendants have sought to punish Plaintiffs because they are RSOs through numerous unconstitutional means. Plaintiffs assert various claims against officials with the State of Illinois and Illinois Department of Corrections, as well as against officials with St. Clair County and the cities of Belleville, Mascoutah, and East St. Louis, Illinois. Non-plaintiffs Dion Rice (Docs. 29 and 30) and Martell Ellis (Doc. 35) have filed motions to intervene as plaintiffs in the case. This case is now before the Court for case management purposes.

## Severance

Simply put, Plaintiffs may not bring their claims in a joint suit. District courts must accept joint complaints filed by multiple prisoners, but only if the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004).[1] Under Rule 20, "Persons may join in one action as plaintiffs if (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." A district court also has the discretion to sever a party at any time. *See* Fed. R. Civ. P. 21. The Seventh Circuit has stated,

---

[1] The Court previously advised the individual Plaintiffs of the possible consequences of proceeding jointly and gave them the opportunity to withdraw (Doc. 6). The remaining Plaintiffs indicated their intention to proceed jointly (Docs. 21-28).

> [T]his discretion allows a trial court to consider, in addition to the requirements of Rule 20, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.

*Chavez v. Ill. State Police,* 251 F. 3d 612, 632 (7th Cir. 2001) (internal quotations and citations omitted).

Although Plaintiffs challenge the provisions of the Sex Offender Registration Act ("SORA"), 730 ILCS 150/1, *et seq.*, it is not clear from the Complaint that all are released sex offenders who are subject to the Act. Specifically, the affidavits of some Plaintiffs do not even mention being subject to SORA or indicate that they are not currently required to register (Doc. 1, pp. 20, 29, 37). Further, those Plaintiffs who were subject to registration lived in different towns and were subject to different local ordinances. They also raise various different complaints against various defendants.

For instance, John Durost complains that he is subject to improper surveillance by the Belleville police department (*Id*. at p. 23). He alleges that officials at Robinson Correctional Center improperly determined he was not eligible for good time credit (*Id*.). Lucas Schmerbauch alleges that he was arrested with an unnecessary amount of force (*Id*. at p. 26). Chandler Saso complains about constitutional violations while at the St. Clair County Jail (*Id*. at p. 27). David Hutcher alleges that the Mascoutah Police Department has violated his constitutional rights in various ways (*Id*. at p. 30).

The allegations of the various individual Plaintiffs arise out of different transactions or occurrences. Their claims would also be against different defendants. Many of the Plaintiffs' various claims would also involve different questions of law and facts. As such, they are not properly joined together in a single lawsuit.

Even if the requirements of Rule 20 were found to be met, the Court can still require Plaintiffs to proceed separately with their claims if joinder would create unnecessary "prejudice, expense or delay[.]" *Chavez*, 251 F.3d at 632. In this case, allowing Plaintiffs to proceed together will foreseeably delay, complicate, and increase the costs of litigating the various claims against the numerous defendants. Further, as non-attorneys proceeding *pro se,* Plaintiffs may not sign or file motions or pleadings on behalf of each other. Therefore, each Plaintiff must sign every filing affecting his claims. *See* Fed. R. Civ. P. 11. While obtaining signatures at the beginning of the case may be relatively easy, as the case progresses it can become more difficult for incarcerated persons to proceed together in a single action. Benjamin Ingram has already informed the Court that each Plaintiff is at different stages of the pre-trial process and may be separated at some point (Doc. 21). "When the plaintiffs are no longer housed together in the same unit, it may be impossible [to] obtain each other's signatures." *See Hunter v. Allen Cty. Jail,* No. 20-cv-412-WCL-SLC, 2020 WL 6874210, at *1 (N.D. Ind. Nov. 23, 2020).

For these reasons, the Court finds that joinder in this case will further delay the fair and efficient litigation of each Plaintiff's claims. As such, the Plaintiffs in this case should not be joined, and the claims of Plaintiffs Michael Anderson, Brandon Thrower, David Hatcher, John Durost, Benjamin Ingram, Lucas Schmerbauch, Chandler Saso, and Walter Payton will be severed into separate actions. *See* Fed. R. Civ. P. 21. The only claims that will remain in this case are the claims raised by Plaintiff Cameron Belk, Sr., which will be reviewed below. This Order, does not, of course, prevent Plaintiffs from continuing to cooperate and assist one another or coordinate their litigation.

4

## **Motions to Intervene**

In addition to the numerous individuals already listed as Plaintiffs in the case, two other individuals have sought to intervene as Plaintiffs. Dion Rice filed a motion to intervene (Doc. 29) and motion to proceed *in forma pauperis* (Doc. 30). He also filed an additional letter (Doc. 31) and response (Doc. 32) requesting to join with the other Plaintiffs. He maintains that he has been burdened by the requirements of SORA, being held past his release date because he could not locate proper housing and then being homeless, which placed additional reporting requirements on him (Doc. 31, p. 1). Martell B. Ellis also filed a motion to intervene (Doc. 35). Ellis alleges that his rights were violated by both Collinsville and Belleville police departments in June and October 2020 and January 2022 (*Id*. at p. 1).

Federal Rule of Civil Procedure 24 governs motions to intervene. There are two types of intervention: intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b). Rule 24(a) requires a Court to permit intervention either under a federal statute, or if (1) the motion is timely; (2) the moving party has an interest relating to the property or transaction at issue in the litigation; and (3) that interest may, as a practical matter, be impaired or impeded by disposition of the case. Fed. R. Civ. P. 24(a); *Driftless Area Land Conservancy v. Huebsch*, 969 F.3d 742, 746 (7th Cir. 2020).

Permissive intervention may be allowed where the proposed intervenor (1) is given a conditional right to intervene by a federal statute; or (2) has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1). The decision is left to the discretion of the Court, which must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The motions filed by Rice and Ellis fail under either standard. There is no federal statute at issue and neither intervenor has shown that he has an interest that might be impaired or impeded if the case is prosecuted without his participation. And as with the other named Plaintiffs, the claims alleged by Ellis and Rice present different factual situations and questions of law that are not conducive to a joint lawsuit. Accordingly, their motions to intervene (Docs. 29 and 35) are **DENIED**. Rice's motion to proceed *in forma pauperis* (Doc. 30) is **DENIED as moot**.

## Claims by Cameron Belk, Sr.

The only claims remaining in this case are the claims brought by Cameron Belk, Sr. But now that the other Plaintiffs have been dismissed, his Complaint, which includes various claims against multiple police departments and local, county, and state entities, violates Federal Rule of Civil Procedure 8. Rule 8(a) requires a complaint to set forth "a short and plain statement of [Plaintiff's claim(s)] showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d) requires "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(d)(1). The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citation omitted); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But Belk's Complaint includes a variety of allegations against multiple city and state entities. It is not clear which of the claims applied to him personally as opposed to one of the other Plaintiffs.

Belk attaches a letter to his Complaint (Doc. 1, pp. 35-36) which discusses SORA. He also discusses his revocation of parole before his release and an improperly lengthened mandatory supervised release period (*Id*.). But his letter indicates that he already filed a lawsuit about his issues with parole (*Id*. at p. 36). Indeed, Belk's previous lawsuit, *Belk v. State*

*of Illinois, et al.*, Case No. 13-cv-841-NJR-RJD, focuses on his improperly calculated mandatory release period and was settled. Judgment in that case was entered on February 21, 2017. *See* Case No. 13-cv-814 (Docs. 81 and 82). Further, his letter does not include any of the allegations raised regarding Belleville, Mascoutah, or St. Clair County. Many of the allegations in the Complaint do not appear to apply to Belk. Thus, if he wants to pursue any of his claims, he will have to file an Amended Complaint which focuses only on his claims.

Accordingly, his Complaint (Doc. 1) is **DISMISSED without prejudice**. Belk will have an opportunity to file a First Amended Complaint if he wishes to pursue any of *his* claims in this action. If he chooses to do so, Belk must comply with the instructions and deadlines set forth in the below disposition.

### Motions for Counsel

Belk has also filed two motions for counsel (Docs. 3 and 8). The motions indicate that all Plaintiffs were relying on Belk, because he is a jailhouse lawyer (although he does note that he is handicap). Given the early stage of the litigation, however, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[2] Further, the Court finds that Belk is quite capable of submitting an Amended Complaint on his own, as he is a self-described jailhouse lawyer (Doc. 8, p. 1). His motions for counsel are **DENIED without prejudice**. Should his Amended

---

[2] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Complaint survive threshold review, he may renew his request for the recruitment of counsel at a later date.

## Disposition

For the reasons stated above, Plaintiffs Michael Anderson, Brandon Thrower, David Hatcher, John Durost, Benjamin Ingram, Lucas Schmerbauch, Chandler Saso, and Walter Payton are **TERMINATED** from this action. The Clerk of Court is **DIRECTED** to **OPEN** new cases for each individual Plaintiff against all of the Defendants listed in the caption of this case. The new cases shall be captioned as follows:

1. MICHAEL ANDERSON, Plaintiff v. MAYOR OF BELLEVILLE, IL, *et al.*, Defendants.
2. BRANDON THROWER, Plaintiff v. MAYOR OF BELLEVILLE, IL, *et al.*, Defendants.
3. DAVID HATCHER, Plaintiff v. MAYOR OF BELLEVILLE, IL, *et al.*, Defendants.
4. JOHN DUROST, Plaintiff v. MAYOR OF BELLEVILLE, IL, *et al.*, Defendants.
5. BENJAMIN INGRAM, Plaintiff v. MAYOR OF BELLEVILLE, IL, *et al.*, Defendants.
6. LUCAS SCHMERBAUCH, Plaintiff v. MAYOR OF BELLEVILLE, IL, *et al.*, Defendants.
7. CHANDLER SASO, Plaintiff v. MAYOR OF BELLEVILLE, IL, *et al.*, Defendants.
8. WALTER PAYTON, Plaintiff v. MAYOR OF BELLEVILLE, IL, *et al.*, Defendants.

The Clerk is **DIRECTED** to **FILE** the following documents in the newly opened cases:

- This Memorandum and Order
- Complaint (Doc. 1)
- Motion to Proceed *In Forma Pauperis* (Doc. 2)
- Motions for Recruitment of Counsel (Docs. 3 and 8)
- Each Plaintiff's Consent/Non-Consent Form

As to the two non-parties seeking to intervene as Plaintiffs, Dion Rice and Marell

Ellis, their motions to intervene (Doc. 29 and 35) are **DENIED.**

The only plaintiff remaining in this case is Cameron Belk, Sr. His Complaint (Doc. 1) is **DISMISSED without prejudice**. He is **GRANTED** leave to file a "First Amended Complaint" on or before **June 1, 2022.** Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Belk's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Belk must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Belk is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Belk is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than

Case 3:22-cv-00946-SPM   Document 1   Filed 05/05/22   Page 10 of 10   Page ID #10

**seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  May 4, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

10